UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

KENNETH ROSHAUN REID,

    Petitioner,

v.

WARDEN G. KIZZIAH, Warden

    Respondent.

Civil Action No. 7:18-016-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Kenneth Roshaun Reid is a prisoner confined at the United States Penitentiary ("USP")-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Reid has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and a motion to waive payment of the $5.00 filing fee. [R. 3] The Court has reviewed the financial information provided by Reid in support of his fee motion, and concludes that he lacks sufficient income to pay the filing fee.

**I.**

In 2006, Reid was convicted by a jury in the United States District Court for the District of South Carolina for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (Count 1), murder through the use of a firearm in the course of a drug trafficking crime (Count 4), and two counts of unlawful possession of a firearm (Counts 12 and 14). *United States v. Reid*, No. 0:04-cr-353 (D.S.C. 2004). He was sentenced to a term of imprisonment of life on the murder charge, a term of 240 months of imprisonment for the drug conspiracy charge, and two terms of 120 months imprisonment on both of the firearm charges, all to run concurrently. *Id*. His conviction

and sentence were both confirmed on appeal by the United States Court of Appeals for the Fourth Circuit. *United States v. Reid*, 523 F.3d 310 (4th Cir. 2008), *cert. denied*, 555 U.S. 1061 (2008).

Reid has filed multiple post-conviction requests for relief in various courts in the forms of petitions for a writ of habeas corpus pursuant to both 28 U.S.C. § 2255 and 28 U.S.C. § 2241. *See Reid v. Ebbert*, No. 1:17-cv-1062 (M.D. Pa. 2017) at R. 8, p. 2-4 (compiling a list of the multiple § 2255 and § 2241 petitions filed by Reid). Given the lengthy procedural history of Reid's underlying criminal case, his various requests for relief from his conviction and sentence will only be discussed to the extent that they are relevant to the claims made in his § 2241 petition filed in this Court.

Although Reid's current § 2241 petition is somewhat disjointed and repetitive, the gist of his argument is that he is entitled to relief because he is "actually innocent" of Count 1 of the Indictment, conspiring to distribute cocaine base in violation of 21 U.S.C. § 846, because there was no finding by the jury as to the amount of drugs attributable and reasonable foreseeable to Reid. He invokes *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and argues that, because there was no threshold drug finding by the jury, he is "actually innocent" of Count 1. In addition, according to Reid, in order for the statutory mandatory minimums of 21 U.S.C. § 841(b) to apply at sentencing in a drug conspiracy case, the jury must determine that the threshold drug amount was reasonable foreseeable to the individual defendant. Thus, as there was no drug quantity finding by the jury under 21 U.S.C. § 841(b), there was no way for the Court to set a penalty range with respect to Count 1. [R. 1 at p. 5; R. 1-1 at p. 10]

He also argues that, because he was acquitted of Count 3, which charged Reid with aiding and abetting the intentional killing of Ernest Hollis while engaged in the conspiracy charged in Count 1, this acquittal necessarily establishes that there was insufficient evidence to convict on the

drug conspiracy charged in Count 1, as well as the murder charge of Count 4. As relief, he seeks immediate release from custody. [R. 1-1 at p. 1, 8, 18]

**II.**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Reid's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Reid's claims raised in his § 2241 petition are simply not the kind which may be pursued under § 2241. A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). Establishing that the § 2255 remedy is inadequate or ineffective is a high burden for a petitioner to meet, as "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *See Peterman*, 249 F.3d at 461. A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. The general rule is that new decisions are not retroactive "unless the new decision provides a criminal rule of procedure that is of 'watershed'

importance or is a substantive change in the law that imposes a new burden on the states or federal government." *Id*. (citing *Teague v. Lane*, 489 U.S. 288 (1989)).

Reid's "actual innocence" claims presented in his § 2241 petition do not rely on any such Supreme Court decision announcing a new, retroactively applicable rule of statutory construction. Rather, Reid's claims are claims of ordinary trial error which could have and must have been pursued on direct appeal or in an initial motion under § 2255. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir.2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014). In fact, Reid has previously raised these claims with the trial court and with the United States Court of Appeals for the Fourth Circuit and they were rejected. *See United States v. Reid*, 523 F.3d 310, 315-317 (4th Cir. 2008); *United States v. Reid*, 0:04-cr-353-CMC (D.S.C. 2004) at R. 424, 519-1, 520-1, 524, 529. *See also Reid v. Daniels*, No. 12-CV-01780-BNB, 2012 WL 3099996, at *2 (D. Colo. July 30, 2012) (denying Reid's § 2241 petition filed with respect to similar claims because Reid could not demonstrate that the remedy provided by § 2255 is inadequate or ineffective, as Reid had previously raised these claims with the trial court and "the District of South Carolina agreed with the government's argument that because the jury found Mr. Reid guilty of conspiracy to possess with intent to distribute and distribute cocaine base, the conviction was not dependent on any finding of a particular quantity.").

Moreover, to the extent that Reid claims that he is entitled to relief because of an *Apprendi* violation, the Sixth Circuit has clearly held that "[a] challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim," brought in a § 2241 petition pursuant to the savings clause of § 2255(e). *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). *See also Padgett v. Grondolsky,* No. 06-cv-024-KKC, 2006 WL 269940, at *3 (E.D. Ky. Feb. 2, 2006). In addition, the rule announced in *Apprendi* is a constitutional rule, not a statutory rule, and it has not

been made retroactive on collateral review by the Supreme Court. *In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001). Thus, Reid's claim of an *Apprendi* violation may not be brought in this § 2241 petition.

Finally, to the extent that Reid suggests that his sentence was improperly enhanced, the decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Reid's petition does not fall into any of these categories. Reid was sentenced in 2006, post-*Booker*. Moreover, as discussed above, he certainly has not been foreclosed from asserting his claims in a successive petition under § 2255. Finally, he does not present a challenge to a prior conviction used to enhance his sentence.

For all of these reasons, Reid may not rely on the "savings clause" of § 2255(e) to authorize his § 2241 petition. Thus, his petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. Reid's motion for leave to proceed *in forma pauperis* [R. 3] is **GRANTED** and payment of the five dollar filing fee is **WAIVED**

2. Reid's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated June 29, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY